**BRUNNER v. UNITED STATES.**

No. 49154.

United States Court of Claims.

Decided March 4, 1952.

Ed P. Jackson, Jr., Louisville, Ky. (Wyatt, Grafton & Grafton, Louisville, Ky., on the brief), for the plaintiff.

John R. Franklin, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff was convicted in the District Court of the United States for the Western District of Kentucky for violation of the postal laws and regulations and was sentenced to imprisonment for a period of three years. On appeal, 6 Cir., 168 F.2d 281, his conviction was reversed on the ground that it had been obtained principally on the testimony of his wife and that she was incompetent to testify against him.

Upon remand the District Court dismissed the indictment and discharged plaintiff from custody. In the meantime he had served eight months and three days of his sentence. Plaintiff sues for damages as a result of such conviction and imprisonment.

The Act of May 24, 1938 (52 Stat. 438; Title 18, U.S.C., sections 729–732[1]), giving plaintiff a right to sue, provides in section 2:

"Sec. 2. The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a par-

---

1. See 1948 Revised Judicial Code, 28 U.S.C.A. § 2513.

don or certified copy of a pardon, and such certificate of the court, pardon, or certified copy of a pardon shall contain recitals or finding that—

"(a) Claimant did not commit any of the acts with which he was charged; or

"(b) that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and

"(c) that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction."

In attempted compliance with this statute, the judgment of the District Court dismissing plaintiff from custody recited:

"* * * and it appearing from the record that the only possible evidence which indicated that the said Roy Lee Brunner had committed any of the acts with which he was charged was not competent evidence, and on the contrary, the record contained competent evidence that Brunner had not committed the acts with which he was charged; and the Court having determined that Subsections (b) and (c) in the aforesaid Title 18, U.S.C.A., Section 730, are in the disjunctive with Subsection (a) of said Section and that a certification under Subsection (a) is sufficient to the end indicated;

"It is hereby adjudged and certified that the said Roy Lee Brunner did not commit any of the acts with which he was charged in the aforesaid indictment."

Plaintiff's suit for damages was argued and submitted at the November session of this Court; but, since we were of the opinion that the District Judge was in error in determining that a certificate under subsection (a) of the foregoing Act was sufficient, we deferred acting on the case, "in order that plaintiff may have opportunity to make application for amended certificate."

The District Judge for the Western District of Kentucky then entered an order amending the former judgment so that the last sentence thereof should read as follows:

"It is hereby adjudged and certified that the said Roy Lee Brunner did not commit any of the acts with which he was charged in the aforesaid indictment; that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction.

"This certificate is based upon the testimony introduced at the trial except and excluding therefrom the testimony of Mrs. Roy Lee Brunner but including the affidavit of Mrs. Margaret Baker filed December 11, 1951."

A certified copy of this amended order was filed in this court on January 11, 1952.

The amended certificate complies with section 2 of the Act of May 24, 1938, supra, and plaintiff, therefore, is entitled to recover under that Act for the "damages sustained by him as a result of such conviction and imprisonment."

The Act limits the amount of his recovery to $5,000, but he is only entitled to recover such damages as we may find he sustained as a result of his erroneous conviction and imprisonment.

Plaintiff seems to have been a chronic law violator. From the year 1935 to the date of his above mentioned conviction in 1947 he had spent all or a part of every year in prison. In 1935 he was convicted of being drunk and disorderly. Again in 1935 he was convicted of petty larceny and vagrancy. In 1936 he was convicted of being drunk and disorderly and with attempted homicide. Again in 1936, on August 20, he was arrested and convicted under the National Motor Vehicle Theft Act, for which he was sentenced to two years in prison. He was released on probation on May 6, 1938, but violated his parole on July 8, 1938. On July 13, 1938, he was again arrested and convicted under the National Motor

Vehicle Theft Act and was sentenced to five years in the penitentiary. He was released on probation on October 14, 1942, but violated his parole on February 10, 1943. On February 16, 1943 he was arrested and convicted of robbery and sentenced to two years in the Kentucky State Reformatory. On September 25, 1944 he was arrested and sentenced to the United States Prison at Atlanta, Georgia, for 480 days for violation of his parole. He was discharged on January 17, 1946. On December 24, 1946, he was sentenced to six months for skipping his bond. On May 22, 1947, he was arrested and sentenced to thirty days in jail for being drunk. On May 28, 1947, he was arrested and convicted of embezzlement and sentenced to six months in jail. On November 7, 1947, he was convicted of violation of the mail statutes. Subsequent to his release under this conviction, for which he sues, he has been convicted of grand larceny and vagrancy.

He had no regular business or source of earnings, but he did have sporadic employment. For about a month he worked for the Hart Manufacturing Company in Louisville, Kentucky, and received therefor $141.39. He worked two weeks in January 1947, for which he was paid $99.66. In March, April, and May of 1947 he was employed by John C. Stevens of Louisville, Kentucky, for which he received a room and meals and some clothing for himself, his wife, and child, together with $8 to $10 a week. For the year preceding his imprisonment he was not otherwise employed.

Plaintiff's damage from his conviction and imprisonment was slight. Indeed, he seems almost to have courted imprisonment. Imprisoned time after time, he continued to violate the law. Even in his most irresponsible moments he must have known that he would be imprisoned again. Apparently he would just about as soon be in prison as out. He was, indeed, more familiar with prison walls than he was with the streets of Louisville, and it did not seem to matter much to him whether he was at the one place or the other. It may seem strange that he even contested the various charges against him. Perhaps it was a game with him—to try and try again to "beat the law."

This time he has "beat the law." Many times before he has been rightly convicted, but this time he was not, and "the law" must pay.

But how much shall it pay? To the extent that it has damaged him, it is written. That, in view of his record, we must say was a rather negligible amount. We do not think it could have been more than $500. This is considerably more than he had earned in the year previous to his conviction. He was incarcerated for eight months and three days. Had he been at liberty all this time he no doubt would not have earned so much.

The deprivation of his liberty, priceless as this is to most of us, seems to have meant little to him. Humiliation connected with his conviction, loss of reputation and esteem in his community are to be reckoned as nothing. The exhilaration of recovering anything from the Government will far offset any humiliation, loss of reputation and esteem which he may have suffered.

We are of the opinion $500 will amply compensate him for all his damages. Judgment for this amount is rendered against the defendant in plaintiff's favor.

JONES, C. J., and HOWELL, MADDEN and LITTLETON, JJ., concur.