### BRUNNER v. UNITED STATES.
### No. 49154.

United States Court of Claims.
March 3, 1953.

Ed P. Jackson, Jr., Louisville, Ky., for plaintiff.

John R. Franklin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

This case is before us on motion of the defendant for a new trial and to vacate the court's previous judgment of March 4, 1952. Ct.Cl., 102 F.Supp. 909. The motion is made under section 2515(b) of Title 28, U.S.C. which reads:

"Such court, at any time while any suit is pending before it, or after proceedings for review have been instituted, or within two years after the final disposition of the suit, may grant the United States a new trial and stay the payment of any judgment upon satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done the United States."

On March 4, 1952, we entered a judgment in plaintiff's favor for the sum of $500.00 for damages for conviction and imprisonment for a crime of which he was innocent. Plaintiff's case was based upon the certificate of the District Court for the Western District of Kentucky certifying that the plaintiff—

" * * * did not commit any of the acts with which he was charged in the aforesaid indictment; that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and that he was not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction."

Defendant in its motion states that an appeal to the Court of Appeals for the Sixth Circuit, 200 F.2d 276, was taken from the order of the District Court entering the judgment, a portion of which is quoted above, and that the Court of Appeals has reversed the judgment and set aside the certificate. There is appended to the motion a copy of the excellent opinion of Judge Simons, speaking for the Court of Appeals, in which it was held that the evidence before the District Judge was not sufficient to show that the defendant in that court was innocent of the offense with which he was charged in the indictment, and for this reason the foregoing certificate of innocence was set aside.

The statute requires that the proof necessary to entitle a plaintiff to a judgment under sections 729 to 732 of Title 18 U.S.C. [1948 Revised Judicial Code, 28 U.S.C.A. §§ 1495, 2513] must appear by a certificate of the court in which the plaintiff was convicted. Since the certificate issued by the District Judge for the Western District of Kentucky has now been set aside by the Court of Appeals, there is now no proof in the record to sustain the allegations of plaintiff's petition in this court.

The judgment heretofore entered on March 4, 1952, is therefore, vacated and set aside and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.