**John Edward MARSH**

v.

**UNITED STATES of America.**

**Civ. A. No. 69–C–9–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

Oct. 28, 1969.

Harvey S. Lutins, Alexander N. Apostolou, Roanoke, Va., for plaintiff.

Leigh B. Hanes, Jr., U. S. Atty., Roanoke, Va., Edward M. Jerum, Court of Claims Section, Civil Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

John Edward Marsh sues for damages for his unjust conviction and imprisonment under 28 U.S.C. § 2513; jurisdiction in this Court is concurrent with that of the Court of Claims, 28 U.S.C. §§ 1495, 1346(a) (2), Osborn v. United States, 322 F.2d 835 (5th Cir. 1963).

This suit was originally brought in the District Court for the Eastern District of Virginia and was transferred to this district under 28 U.S.C. § 1404(a). While upon mature consideration this Court is of the opinion that the venue statute relevant to this suit may well be 28 U.S.C. § 1402(a) (1), which restricts venue to the district in which the plaintiff resides, and while § 1404(a), restricting transfer to a district where the suit "might have been brought," has been held to refer only to districts where venue would ordinarily be proper originally, Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), it would be unduly wasteful of the time and efforts of all involved to transfer the case to still another district. The Court believes that the defendant has, as it may, waived any objections to venue in the Western District of Virginia, and

raises the point merely so that the posture of the case with regard to venue is clear.

The certificate required by § 2513(b) has been entered in the record in this case; the elements required by § 2513(a) to establish liability are therefore proved beyond this Court's power to question, Roberson v. United States, 124 F.Supp. 857, 129 Ct.Cl. 581 (1954). The limitation on evidence in § 2513(b) is, however, confined to the question of liability; evidence of damages must be considered by the Court, Roberson v. United States, *supra*; Brunner v. United States, 102 F.Supp. 909, 122 Ct.Cl. 48, reversed on other grounds, 200 F.2d 276 (6th Cir., 1952).

Plaintiff has moved for summary judgment in his favor. He alleges that the defendant has consented to the settlement of the matter for $5,000.00, the statutory maximum fixed by 28 U.S.C. § 2513(e), but that the parties cannot come to an agreement on the legality of an award of attorney's fees, the costs of litigating this case, beyond that amount. The United States concedes that the issue of liability is resolved against it, but opposes plaintiff's motion for summary judgment and cross-moves for summary judgment on the issue of the recoverability of attorney's fees.

▇ Neither party has submitted affidavits of the type contemplated by F.R.Civ.P. 56. Nevertheless, it is proper for a motion for summary judgment to be decided on the basis of the pleadings alone. Allegations in opposing pleadings which show that a factual dispute exists will prevent the award of summary judgment so long as neither side supports its position with affidavits. 3 W. W. Barron and A. Holtzoff, Federal Practice and Procedure, § 1235.1 (Wright ed. 1958). "If the motion for summary judgment is based solely on the pleadings, as it may be, then there is no functional difference between that motion and a motion for judgment on the pleadings," 6 Moore's Federal Practice 2122.

▇ Plaintiff's motion for summary judgment cannot be granted because a material fact, the question of the damages he has sustained, is put in issue by the defendant's motion papers. We do not read the defendant's reference to a settlement proposal (defendant's memorandum filed August 14, 1969, at 4, note 3) to constitute an admission of liability. Other language in the same document puts the amount of damages directly in issue. The extent of plaintiff's damage will have to be decided on evidence presented at trial.

Defendant's cross-motion for partial summary judgment presents a purely legal issue that, if decided in its favor, will make the presentation of some evidence unnecessary. The United States asks the Court to determine whether, as a matter of law, plaintiff can recover attorney's fees expended in the prosecution of this action if such an award would raise plaintiff's total recovery beyond $5,000. Plaintiff asserts that "it would be unjust, inequitable, illegal and unlawful to require that from the [$5000 maximum provided by § 2513(e)] an attorney fee be taken" and appeals to the "inherent equitable jurisdiction that this Court obtains." No cases are, however, cited in support of the claim that this Court has the power to award more than $5000.

▇ The defendant relies upon § 2513(e) and also upon 28 U.S.C. § 2412 (1966), which concerns the recovery of costs in suits against the United States:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in Section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States * * * in any court having jurisdiction of such action.

This statute applies to this suit, which was commenced after July 18, 1966, the effective date of the statute. Allen v.

Rachal, 283 F.Supp. 986 (W.D.Tex. 1967).

In Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939), the Supreme Court held that it was within the District Court's power, in certain circumstances, to award costs "as between solicitor and client:"

Plainly the foundation for the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor to do equity in a particular situation. * * * In any event such allowances are appropriate only in exceptional cases and for dominating reasons of justice.

Sprague v. Ticonic Nat. Bank, *supra*, 166–167, 59 S.Ct. 780. In that case a trust depositor had established the bank's liability to her, out of a certain fund, prior to other claimants. As a practical matter others similarly situated would benefit directly, by virtue of *stare decicis*, from the plaintiff's judgment, and the Supreme Court said that it might thus be equitable to charge the fund with the actual costs of the suit. See also Slayton v. Missouri Pacific Railroad Co., 279 F.Supp. 525 (E.D.Mo.1968), a class action.

In certain areas of law it has been held that federal courts have the power to compel a litigant to pay his opponent's attorney's fees when the party has initiated, or forced his opponent to initiate, litigation groundlessly and out of a desire to oppress. Local No. 149, International Union, United Automobile, Aircraft and Agricultural Implement Workers of America v. American Brake Shoe Co., 298 F.2d 212 (4th Cir. 1962), contains a study of the application of this principle by federal courts of equity.

On this motion, of course, the Court is investigating only the legal power to award attorney's fees, not the appropriateness of an award, if permissible.

The Supreme Court has recently clarified the meaning of Sprague v. Ticonic Nat. Bank, *supra*, in Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). This was a trademark infringement suit under the Lanham Act, 15 U.S.C. § 1051–1127, in which both the District Court and the Court of Appeals found the defendant's conduct to have been deliberate. The Supreme Court took note of the *Sprague* principle and of other "[l]imited exceptions to the American rule [that attorney's fees are not recoverable]," Fleischmann Distilling Corp. v. Maier Brewing Co., *supra*, 718, 87 S.Ct. 1407, compelled by "overriding considerations of justice." But despite the factual finding of a deliberate violation, the Court held that no authority existed to award attorney's fees in suits under the Lanham Act, or for other sorts of statutory relief, unless Congress had specifically so provided:

The recognized exceptions to the general rule were not, however, developed in the context of the statutory causes of action for which the legislature had prescribed intricate remedies. * * * When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should not readily be implied. Fleischmann Corp. v. Maier Brewing Co., *supra*, 719–720, 87 S.Ct. 1408.

The Court listed, at 721, n. 1, 87 S.Ct. 1404, some federal statutes which allows such an award; 28 U.S.C. § 2513 was not among them.

Some courts have decided that Congress granted the power to award attorney's fees when a statute authorizes an action for "such relief as may be appropriate," 29 U.S.C. § 412, see Gartner v. Soloner, 384 F.2d 348 (3rd Cir. 1967). The statute we deal with in this case contains no such general language which we might view as granting implicit authority.

This Court concludes that 28 U.S.C. § 2513(e) and 2412 provide no source of power to grant an award of attorney's fees against the United States, and that Fleischmann Distilling Corp. v. Maier Brewing Co., *supra*, establishes that no residual equitable power exists to allow such a recovery in a suit under § 2513. Since no such power exists, there would be no point in investigating the question whether plaintiff's suit is of the *Sprague* pattern in that its prosecution was of direct benefit to others (if that is conceivable) or the question whether defendant's conduct in the suit has been so oppressive or vexatious as to impose legal costs inequitably on the plaintiff.

Accordingly, pursuant to F.R.Civ.P. 56(d), this Court will enter an order specifying that the question of liability is now determined against the defendant and that the question of the power of this Court to award attorney's fees in this action is resolved against the plaintiff.