738

Joseph **FIDTLER**

v.

**Edward T. HENDRICKS et al., Defendant for the City and County of Philadelphia, Pa.**

Civ. A. No. 68–1641.

United States District Court,
E. D. Pennsylvania.

Sept. 4, 1970.

Joseph Fidtler, pro se.

Edward G. Bauer, Jr., City Sol., Murray C. Goldman, Asst. City Sol., Philadelphia, for defendants.

OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiff filed this pro se complaint under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983 (Supp.1970), in August of 1968 seeking a preliminary injunction and damages from the defendant Hendricks, Superintendent of Holmesburg Prison. Plaintiff alleged that the defendant was requiring him to perform physical labor for the general upkeep and maintenance of the prison when he was "untried and unsentenced." He asserted that forcing him to perform this labor against his will violated the Thirteenth Amendment to the United States Constitution and the laws of the Commonwealth of Pennsylvania, specifically 61 Pa.Stat.Ann. §§ 183, 184, and 735 (Supp.1970). As we understood plaintiff's claim, forcing him to perform labor against his will when he was not convicted of a crime, an action taken under color of the state statutes, constituted " * * * the deprivation of [a] right * * * secured by the Constitution, * * * " 42 U.S.C. § 1983, namely his right not to suffer "involuntary servitude, except as a punishment for a crime * * * ." U.S.Const. amend. XIII, § 1. This deprivation, he concluded, was compensable under the Civil Rights Act in special damages for the fair market value of the services he was forced to perform; these damages in turn supported the assessment of punitive damages.

We granted plaintiff leave to proceed *in forma pauperis* and ordered the defendant to show cause why a preliminary injunction should not issue. Thereafter, on October 31, 1968, with the consent of the Solicitor of the City and County of Philadelphia, we entered a preliminary injunction restraining the defendant "from compelling the plaintiff to work until such time as he may have been sentenced."

Presently before us is plaintiff's motion for summary judgment and defendant's cross-motion for judgment in his favor.

## I

■ Defendant argues that because he acted in his official capacity he enjoys judicial immunity from suit and is therefore entitled to judgment as a matter of law. His reliance upon the doctrine is misplaced.

■ Immunity from suit has been extended to those persons performing a quasi-judicial function, one which requires " * * * principled and fearless decision making. * * * " Pierson v. Ray, 368 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). The defendant is, of course, charged with the custodial responsibility for plaintiff's well-being for the term of his incarceration. But the plaintiff alleges that when he was an unsentenced inmate defendant forced him to work in violation of 61 Pa.Stat.Ann. § 184, which provides that it is lawful:

> "to require every able-bodied male prisoner * * * confined *under sentence* within any jail or workhouse now or hereafter to be established in this commonwealth, to do and perform eight hours of manual labor each day of such imprisonment, except on Sunday or legal holidays: Provided, That *this act shall not include any prisoner awaiting trial * * *.*" (Emphasis added.)

The statute also provides that any warden or superintendent who violates any of its provisions is guilty of a misdemeanor punishable by one year imprisonment, a $1000 fine, or both. 61 Pa.Stat. Ann. § 182. The defendant's decision to make the plaintiff perform work for the upkeep of the prison is properly characterized as an administrative action, one which does not involve the exercise of judgmental or evaluative decision-making. *See, e. g.,* Delatte v. Genovese, 273 F.Supp. 654, 658 (E.D.La. 1967). Thus, defendant's position as superintendent does not *per se* vest him with an immunity from suit when he is acting in the ministerial capacity in which plaintiff charges he broke the law.[1] Nor does the defendant present any factual basis for the possible argument that he was acting pursuant to a court order, and he therefore does not possess a derivative immunity. Lockhart v. Hoenstine, 411 F.2d 455, 460 (C.A. 3, 1969); *see* Defelice v. Philadelphia Bd. of Educ., 306 F.Supp. 1345, 1347–1348 (E.D.Pa.1969). We will therefore deny defendant's cross-motion for summary judgment.

## II

■ Plaintiff's motion for summary judgment faces a fundamental difficulty. Even though we gave both parties an opportunity to submit affidavits in support of their motions pursuant to Fed. Civ.P. 56(e), neither of them has done so. Consequently, although Fed.R.Civ.P. 56(a) permits us to grant full or partial summary judgment on the record before us, Lockhart v. Hoenstine, 411 F.2d 455, 458 (C.A.3, 1969); Marsh v. United States, 48 F.R.D. 315, 317 (W.D.Va. 1969), it is difficult to determine what facts are not in dispute.

Plaintiff averred that commencing on or about October 5, 1966, he was required to perform physical labor towards the general upkeep of the prison and had been required continually to perform such labor until the filing of suit in August of 1968. He alleged that at that time, August of 1968, he was still un-

---

1. We are well aware that the mere violation of a state statute by a state official does not ordinarily present a federal constitutional issue. We examine this claim of unlawfulness solely to determine the issue of judicial immunity of a prison superintendent. Whether we have pendent jurisdiction over a claim for damages on an implied state law remedy for the violation of the statute is an issue we do not now reach. See text acompanying note 3 *infra.*

tried and unsentenced. Defendant's answer to the complaint, filed September 10, 1968, admitted that the plaintiff "was asked to perform certain chores in the prison," but denied the remainder of plaintiff's allegations, namely, that he refused to perform work but was illegally forced to do so by the defendant.[2]

The pleadings reveal a dispute over whether the plaintiff was required to work when he should not have been. More specifically, the record does not show at all, must less with any clarity, for what period of time relator was forced to work while an "untried" prisoner, a fact he alleges only generally. Since plaintiff alleges that he first refused to perform work "on Nov. 1967," he must, in the face of defendant's denial, present factual support which demonstrates that, when he was *thereafter* forced to work against his will, he was still an "untried" prisoner. This presently disputed fact is crucial to the maintenance of any federal claim grounded on an alleged violation of the Thirteenth Amendment. If plaintiff was not "untried," *i. e.*, unconvicted, he cannot be heard to argue that he is entitled, as a matter of law, to recover money damages for performing the work

defendant forced upon him. We will not decide in the abstract the very substantial question whether damages are recoverable under 42 U.S.C. § 1983 for violations of the Thirteenth Amendment when plaintiff has failed to provide an undisputed factual basis for his motion for summary judgment.[3]

Plaintiff apparently is also claiming damages on an implied remedy for the alleged violation of 61 Pa.Stat.Ann. § 184. This claim is, of course, only before us on a theory of pendent jurisdiction. U. M. W. v. Gibbs, 383 U.S. 715, 726–727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). There is necessarily a factual dispute as to this claim also, since the defendant has denied that he forced the plaintiff to work while an unsentenced prisoner. Whether we have or should retain jurisdiction over this claim are questions appropriately postponed to a time when the factual basis of any such claim is clarified.

Since there are "genuine issue[s] as to * * * material fact[s]", Fed.R.Civ. P. 56(c), in the record before us, we will deny the plaintiff's motion for summary judgment. Lockhart v. Hoenstine, 411 F.2d 455, 458–459 (C.A.3, 1969).

It is so ordered.

---

2. Defendant supported his denial of the allegation that at the time of the filing of suit plaintiff was an unsentenced prisoner by filing an exhibit which purported to be a letter from Judge Gregory G. Lagakos of the Philadelphia Court of Common Pleas. That unsigned letter, dated September 11, 1968, stated that Judge Lagakos had granted plaintiff a new trial on January 15, 1968, that plaintiff's second trial was declared a mistrial, and that, at some unspecified date thereafter, plaintiff had been convicted and sentenced by Judge William I. Troutman of the Common Pleas Court. This letter, vague as it is in several particulars, was not authenticated or sworn to in any way, and thus does not raise an issue of fact.

3. Curiously, we have never been called upon to decide this question. Defendant did

file a motion to dismiss on September 3, 1968, but because his argument relied upon the purported copy of Judge Lagakos' letter, see note 2 *supra*, we denied the motion in an order filed October 10, 1968, without prejudice to the defendant's filing a proper motion for summary judgment, accompanied by affidavits, to which plaintiff could respond. All we decided when we granted plaintiff leave to proceed *in forma pauperis* was that his complaint did not show a "clear lack of merit," Lockhart v. D'Urso, 408 F.2d 354, 355 (C.A. 3, 1969); *see* United States ex rel. Washington v. Chester County Police Dept., 294 F.Supp. 1157, 1158–1159 (E.D. Pa.1969), and our order to show cause was necessitated by plaintiff's request for a preliminary injunction while he was incarcerated.