**UNITED STATES of America ex rel. Elwood C. VERDE**

v.

**John D. CASE, Warden, Bucks County Prison.**

**Civ. A. No. 70–394.**

United States District Court, E. D. Pennsylvania.

March 8, 1971.

Elwood C. Verde, pro se.

Peter Liebert, III, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Petitioner, a state prisoner, brought this action against John Case, Warden of the Bucks County Prison, where the petitioner was originally incarcerated. The defendant, through his attorney, filed a motion to dismiss. In keeping with the teaching of Jordan v. County of Montgomery, 404 F.2d 747 (3rd Cir. 1969), this Court gave the petitioner an opportunity to reply to this motion. The Court has before it petitioner's "Brief in Reply to Motion to Dismiss".

This petition presents many of the problems which often attend suits brought by state prisoners under a general claim of a denial of constitutional rights. Petitioner alleges violations of no less than four provisions of the United States Code,[1] as well as violations of the 5th, 6th, 8th and 14th amendments.

Petitioner's first contention is that the defendant John Case, unlawfully incarcerated him from September 30, 1969 to November 29, 1969, in that the warden did not have the proper commitment papers. A short recitation of the factual background of this claim will be helpful. Petitioner alleges that on September 19, 1969, the day he was to be reparoled from the Burlington County Jail in Mount Holly, New Jersey, Judge

---

1. Petitioner's assertion of jurisdiction under 28 U.S.C.A. § 2242 and § 2254, habeas corpus provisions, is improper in the instant case and will not be discussed in the opinion.

Monroe of the Common Pleas Court of Bucks County, at the request of the Assistant District·Attorney, issued a bench warrant for his arrest. Immediately upon his release from the Burlington County Jail on September 30, 1969; petitioner was removed to Doylestown where he was taken into custody by the defendant warden. It is undisputed that he was not taken before the court which issued the warrant until November 28, 1969. Petitioner claims that he should have been taken immediately before the Judge who issued the warrant and that the defendant, by taking custody of the petitioner "held your petitioner * * * without the committment (sic) necessary to give, any * * * warden * * * the legal jurisdiction to accept, and hold your petitione (sic)." Complaint pp. 7–8. Petitioner asserts that the act of accepting custody of him violated 42 U.S.C.A. §§ 1981, 1983 and 1985(3).[2]

The Court will grant defendant's motion to dismiss on the ground that under the facts of the instant claim the defendant is immune from suit. The Court recognizes that a warden is not *per se* immune from suit under the Civil Rights Act. Where the warden acts in a ministerial or administrative manner which does not involve judgmental decision-making, he is subject to suit. In Fidtler v. Hendricks, 317 F.Supp. 738 (E.D.Pa.1970), the Court rejected the warden's claim of immunity where the propriety of his decision to make an untried and unsentenced prisoner work was at issue. However, unlike the situation in *Fidtler* the warden in the instant case was acting pursuant to a court order, a bench warrant. The Third Circuit has stated that "[i]n addition to the recognized immunity enjoyed by judicial and quasi-judicial officers * * * there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit." Lockhart v. Hoenstine, 411 F.2d 455, 460 (3rd Cir.), cert. denied 396 U.

S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969). One of the cases which the Court in *Lockhart* cited in support of this proposition was Rhodes v. Houston, 202 F.Supp. 624 (D.Neb.), aff'd 309 F.2d 959 (8th Cir. 1962), cert. denied 383 U.S. 971, 86 S.Ct. 1282, 16 L.Ed.2d 311 (1966).

In *Rhodes,* the court, after determining that the warden in that case was immune from suit, went on to quote from a ninth circuit case "[w]e think the failure of a jailor or keeper to release a prisoner held on a *warrant* or commitment cannot be the basis for a civil rights action regardless of allegations of malice, motive or intent. His act is required by law. * * * [S]o long as he acted under authority of the writ *or warrant*, he was performing a duty which the law *at that time* (emphasis in original) required him to perform." Hoffman v. Halden, 268 F.2d 280, 300 (9th Cir. 1959) (emphasis supplied). The existence of immunity from suit is clearly proper under the circumstances before the Court regarding petitioner's first claim. Clearly a warden should not be forced to evaluate the legal significance of a court order, be it a commitment order or bench warrant, with the specter of a law suit watching over him.

Petitioner's second claim, that he was placed in maximum security by the defendant in violation of the eighth amendment and 18 U.S.C.A. § 241, is also without merit. First, 18 U.S.C.A. § 241, neither gives rise to a civil action for damages, nor authorizes an individual to institute criminal proceedings. United States ex rel. Brzozowski v.·Randall, 281 F.Supp. 306 (E.D.Pa.1968); Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965); Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957). Furthermore, this Circuit has consistently held that confinement in maximum security, and the temporary inconveniences and discomforts which ac-

---

2. Petitioner alleges no facts which could possibly serve as a basis for violations of 42 U.S.C.A. § 1981 or 1985(3).

company it, do not violate the eighth amendment. *E. g.* Ford v. Board of Mgrs. of New Jersey State Prison, 407 F.2d 937 (3rd Cir. 1969) and cases cited therein.

 Lastly, petitioner claims that the defendant "used his power and influence * * * to have your petitioner transferred to the Graterford Penitentiary * * * as a security risk, purposely to cause your petitioner to suffer the punishments, pains, and penalties of solitary confinement." Complaint p. 12. Again, solitary confinement does not violate either the Civil Rights Act or the eighth amendment. See cases cited *supra*. Moreover, this Circuit has taken the position that mere conclusions, unsupported by facts, cannot serve as the basis for a civil rights action. Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970); United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa.), aff'd 311 F.2d 215 (3rd Cir. 1962), cert. denied 372 U.S. 931, 83 S.Ct. 878, 9 L. Ed.2d 735 (1963). Petitioner has not asserted any facts in support of this allegation and therefore we find petitioner does not state a claim upon which relief can be granted. Furthermore, federal courts are, as a general rule, reluctant to inquire into the administration of state prisons. Intervention has been limited to such specific areas as where there is an allegation of cruel and unusual punishment [Wright v. McMann, 387 F.2d 519 (2nd Cir. 1967); Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Cal.1966)] or a claim of abridgement of first amendment rights. [Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); Pierce v. LaVallee, 293 F.2d 233 (2nd Cir. 1961).]

In the instant case petitioner's claim does not rise to such a level. The transfer of state prisoners from one state institution to another is, to this Court, peculiarly within the scope of the administration of the state penal system. We can see no reason to intervene. The Court finds petitioner's claim that prior to being transferred "he should be notified of the nature of the transfer, and be confronted with the facts or other evidence, or witnesses, and be given a fair and impartial hearing * * *" which "should require all of the safeguards of a judicial trial" to be totally without merit. A claim that he was not afforded such a proceeding does not state a claim cognizable under the Civil Rights Act.

The Court also wishes to note that petitioner states that he filed a habeas corpus petition on or about October 14, 1969, which has not yet been acted on. The Court has checked with the Clerk of Court and there is no record that this petition was ever received.

### ORDER

And now, to wit, this 8th day of March, A.D. 1971, it is ordered that defendant's motion to dismiss be and the same is hereby granted.