878 F.2d 381
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Otto BRYAN, Plaintiff-Appellant,
v.
James NORTHROP, et al., Defendants-Appellees.
 No. 88-1314.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Robert O. Bryan, a Michigan state prisoner, filed a pro se complaint under 42 U.S.C. Sec. 1983. Plaintiff alleges that he was deprived of his constitutional rights while incarcerated in the Cass County Jail during 1972 and 1974. Defendants, James Northrop, Cass County Sheriff ("Sheriff Northrop"); Paul Parrish, Cass County Detective ("Detective Parrish"); the Cass County Sheriff's Department ("the Sheriff's Department"); and the Cass County Board of Commissioners ("the County Board"), contend that plaintiff's Sec. 1983 action is time-barred under the applicable statute of limitations. Detective Parrish and the County Board deny legal responsibility for the conditions of plaintiff's confinement in the Cass County Jail. The district court granted summary judgment in favor of all of the defendants. For the following reasons, we AFFIRM in part and REVERSE in part.
 
 I.
 
 2
 In his original complaint of June 12, 1987, and his amended complaint of August 31, 1987, plaintiff explained that he was incarcerated in the Cass County Jail for six months in 1972 and for three to four months in 1974. Plaintiff further contended that during these two periods of incarceration, his civil rights were violated. Plaintiff alleged that defendants placed him in "solitary confinement" and deprived him of outdoor exercise, outside media, and other human contact. Plaintiff also argued that even though defendants knew that he was severely mentally ill, they denied him needed medical attention.
 
 
 3
 On December 21, 1987, all of the defendants filed a motion for summary judgment, arguing that plaintiff's Sec. 1983 claim was time-barred. Separate motions for summary judgment were also filed on December 28, 1987, by Detective Parrish and the County Board. On February 8, 1988, after plaintiff had submitted motions in opposition, the district court granted summary judgment in favor of all of the defendants.
 
 
 4
 The district court justified its dismissal of plaintiff's Sec. 1983 suit on the grounds that his complaint had been filed after the expiration of the applicable, three-year, Michigan statutory limitations period for personal injury actions. See Mich.Comp.Laws Ann. Sec. 600.5805(8) (stating that to recover damages, the "period of limitations is 3 years after the time of the death or injury"). Although plaintiff was a prisoner during the limitations period for his untimely Sec. 1983 complaint, the district court did not preserve plaintiff's cause of action by invoking the Michigan tolling statute which suspends the limitations periods for persons under a legal disability. See Mich.Comp.Laws Ann. Sec. 600.5851(1) ("[I]f the person first entitled to ... bring an action is under 18 years of age, insane or imprisoned at the time the claim accrues, ... the person shall have 1 year after the disability is removed to ... bring the action, although the period of limitations has run."). Following our decision in Higley v. Michigan Department of Corrections, 835 F.2d 623 (6th Cir.1987), the district court explained that:
 
 
 5
 [A]pplication of the [Michigan] tolling provision to prisoners' Sec. 1983 action is inconsistent with the policies embodied in Sec. 1983.... The [Sixth Circuit] rejected the contention that incarceration per se was a disability for prisoners bringing Sec. 1983 actions. It reasoned instead that if prisoner[s'] claims were permitted to remain open to litigation as long as the prisoner[s'] were confined, the result would be the litigation of stale claims long after the best opportunities for rehabilitation and deterrence, both functions of Sec. 1983 suits, had passed.
 
 
 6
 Bryan v. Northrup, No. 88-1314, mem. op. at 2 (W.D.Mich. Feb. 8, 1988) (citations omitted).
 
 
 7
 Plaintiff filed an appeal with this court on March 10, 1988.
 
 II.
 A.
 
 8
 The district court correctly granted summary judgment, as a matter of law, in favor of those defendants not responsible for plaintiff's confinement in the Cass County Jail: Detective Parrish and the County Board. We note that the Cass County Sheriff has "the charge and custody of the jails of his county" and determines the conditions of confinement for county prisoners. See Mich.Comp.Laws Ann. Sec. 51.75. However, Detective Parrish, as the officer who arrested plaintiff, had no control over plaintiff's detention. Thus, Detective Parrish's act of placing plaintiff in a maximum security cell within the Cass County Jail, without more, does not constitute a violation of Sec. 1983. See United States ex rel. Verde v. Case, 326 F.Supp. 701, 703 (E.D.Pa.1971).
 
 
 9
 In McLaughlin v. City of LaGrange, 662 F.2d 1385, 1388 (11th Cir.1981), cert. denied, 456 U.S. 979 (1982), the court held that:
 
 
 10
 In order for a municipality or a supervisor to be liable under section 1983 there must be some personal involvement or evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).
 
 
 11
 McLaughlin, 662 F.2d at 1388. Contrary to his allegations, plaintiff has presented no evidence that the County Board was responsible for the conditions of his confinement or that the County Board authorized any custom or formal policy relating to the operation of the Cass County Jail. In addition, the County Board is not legally empowered to implement rules and regulations concerning the operation of the Cass County Jail. See Mich.Comp.Laws Ann. Sec. 46.1 et seq. Thus, neither Detective Parrish nor the County Board can be held liable under Sec. 1983 for the alleged violation of plaintiff's constitutional rights.
 
 B.
 
 12
 When the district court dismissed plaintiff's Sec. 1983 action as time-barred and granted summary judgment in favor of the remaining defendants, Sheriff Northrop and the Sheriff's Department, it did not depart from our holding in Higley. However, the Supreme Court's recent opinion in Hardin v. Straub, 57 U.S.L.W. 4554 (1989), effectively overruled our Higley decision. See Hardin, 836 F.2d 549 (6th Cir.1987) (unpublished per curiam), rev'd, 57 U.S.L.W. 4554 (1989). In Hardin, the Court held that a Michigan state prisoner who had brought an untimely Sec. 1983 action was entitled to avail himself of the Michigan statute tolling the limitations period for prisoners. See id. at 4555. Citing its previous decision in Board of Regents, University of New York v. Tomanio, 446 U.S. 478 (1980), the Court emphasized that the limitations period in a Sec. 1983 suit is to be determined by reference to the analogous state statute of limitations and the coordinate state tolling rules, except in cases where the state statutes would undermine the purpose of the federal civil rights statute. See id. The Court concluded that:
 
 
 13
 [A] State reasonably might conclude that some inmates may be loathe to bring suit against adversaries to whose daily supervision and control they remain subject, or that inmates who do file may not have a fair opportunity to establish the validity of their allegations while they are confined. The Michigan tolling statute reflects a legislative decision to lessen any such difficulties by extending the time in which prisoners may seek recovery for constitutional injuries. Such a statute is consistent with Sec. 1983's remedial purpose.
 
 
 14
 Id. at 4556.
 
 
 15
 After considering the Supreme Court's opinion in Hardin, we cannot approve that portion of the district court's judgment which dismisses plaintiff's Sec. 1983 action as time-barred. However, we AFFIRM the judgment of the district court in favor of Detective Parrish and the County Board. In addition, we REVERSE the judgment of the district court in favor of Sheriff Northrop and the Sheriff's Department. Accordingly, this case is REMANDED for further proceedings consistent with this opinion.