Leonard Edward JORDAN, Appellant,

v.

The COUNTY OF MONTGOMERY, PENNSYLVANIA, and George C. Corson, Jr.

No. 17266.

United States Court of Appeals Third Circuit.

Submitted on Briefs Nov. 18, 1968.

Decided Jan. 2, 1969.

Leonard E. Jordan, pro se.

Peter P. Liebert, III, Liebert, Harvey, Bechtle, Herting & Short, Philadelphia, Pa., for appellees.

Before GANEY, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Plaintiff ("Appellant"), appearing pro se and in forma pauperis, filed in the district court a "Civil Rights Complaint", 42 U.S.C. § 1981 et seq. He joined as defendants the County of Montgomery, Pa. and George C. Corson, Jr. The complaint charges in the most general terms that the defendants deprived appellant of his rights under the Fourteenth Amendment. He prayed for an injunction as well as actual and punitive damages. Thereafter both defendants filed motions to dismiss the complaint on various grounds. Although the record is silent, we assume that the motions were served upon appellant as required by Rule 5, F.R.Civ.P. Next, based solely on the pleadings the district court filed a memorandum and order granting defendants' motion to dismiss the complaint.

As the record shows, and indeed as the appellee concedes, the appellant was not afforded any opportunity to submit arguments in opposition to the motion, orally or in writing.

When the appellant received copies of the court's memorandum and order he filed a motion under Rule 60(b) (1),[1] [F.R.Civ.P.,] to vacate the memorandum and order and for leave to file a brief written statement in opposition to the motions to dismiss. The district court ordered the motion denied without reciting any reasons. This appeal followed.

Appellant contends, inter alia, that the district court erred in dismissing his complaint on the defendants' motions without affording him an opportunity to submit a written statement in opposition to the motions.

Defendants' motions were made pursuant to Rule 12(b), F.R.Civ.P. Under Rule 12(d), R.R.Civ.P., they could not be decided without a hearing. In the present context, the right to be heard contemplates, at least, the opportunity to submit a short written statement in opposition to the motion. Compare Rule 78, F.R.Civ.P. This record reveals that appellant was not afforded such an opportunity. We have previously spoken to this situation in an even more aggravated context and there indicated the necessity for permitting both sides to present their contentions. Urbano v. Calissi, 353 F.2d 196 (3rd Cir., 1965).

Accordingly, the judgment of the district court will be vacated and the matter remanded for further proceedings. We naturally express no opinion on the merits of the motions.

---

1. The filing and disposition of this motion is of no significance here because we think appellant's contention is properly before us regardless of the motion.