**Sylvester LOCKHART, Jr., Appellant,**

**v.**

**Gabriel D'URSO, Deputy Court Administrator, Quarter Sessions Court, Philadelphia County, Michael J. Rotko, Assistant District Attorney, Philadelphia County, Pennsylvania, Louis J. Amarando, Clerk of Quarter Sessions Courts, Philadelphia County, Pa., Charles A. Hoenstine, Prothonotary of Superior Court, of Pennsylvania, and George W. Dunn, Deputy Prothonotary of Superior Court of Pennsylvania.**

No. 17389.

United States Court of Appeals Third Circuit.

Submitted on Briefs Feb. 6, 1969.

Decided March 11, 1969.

Sylvester Lockhart, Jr., pro se.

Robert Cox, Asst. Dist. Atty., Philadelphia, Pa., for Michael Rotko.

Stanley Asher Winikoff, Deputy Dist. Atty., Harrisburg, Pa., for Hoenstine and Dunn (William C. Sennett, Atty. Gen., Harrisburg, Pa., on the brief).

Murray C. Goldman, Philadelphia, Pa., for Louis J. Amarando.

Before KALODNER, GANEY and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Plaintiff below appeals from an order of the district court denying him the right to prosecute his civil rights action in forma pauperis.

The district court denied plaintiff's request to proceed in forma pauperis on the ground that the action was "plainly without merit". However, when plaintiff appealed such denial the district court granted him leave to prosecute his appeal in forma pauperis, stating that it was doing so because it could not say that his claim was entirely frivolous. This latter evaluation of the complaint by the district court, without more, requires a reversal of the denial of plaintiff's right to prosecute his civil rights action in the district court in forma pauperis. While there may be extreme circumstances where such a right should be denied for plain lack of merit, we think that, particularly in pro se cases, the right to proceed in forma pauperis should generally be granted where the required affidavit of poverty is filed. This approach minimizes, to some extent, disparity in treatment based on economic circumstances. An attack on the truth of such affidavit or the sufficiency of the complaint should be left for appropriate disposition after service has been made on the defendants. Compare Jordan v. County of Montgomery, Pa. et al., 404 F.2d 747 (3rd Cir. 1969).

The order of the district court of May 7, 1968, in district court civil action No. 68–659 will therefore be reversed and the matter remanded for the entry of an order granting the plaintiff leave to prosecute that action in forma pauperis but without prejudice to the right of defendants, after service, to attack either the truthfulness of the allegations of plaintiff's affidavit or the sufficiency of his complaint.

KALODNER, Circuit Judge, joins in the result.