Delmont **HAMILTON**

v.

Detective, Sgt. Joseph **DALTON** et al.

Civ. A. No. 71-1052.

United States District Court,
E. D. Pennsylvania.

Sept. 2, 1971.

Delmont Hamilton, pro se.

Raymond Jenkins, S. Gerald Corso, Ambler, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Plaintiff, a state prisoner, has filed a complaint under the Civil Rights Act, 42 U.S.C.A. § 1983, and has paid the requisite filing fee. Defendants have moved to dismiss for failure to state a claim upon which relief can be granted. For reasons set forth within the opinion, we grant these motions.

The gravamen of plaintiff's complaint is that the defendant detectives brought him before a magistrate and presented evidence against him concerning a robbery, for which he was later convicted. Their wrongdoing, plaintiff alleges, consisted of doing so "with visual knowledge that the plaintiff was unrepresented by counsel and with knowledge that plaintiff did not waive his Constitutional right to counsel." Plaintiff's complaint, page 1. As a result, he is presently confined "in remote proximity of his family", for which he seeks five thousand dollars in damages.

Plaintiff fails to set forth how this giving of evidence was a violation of his civil rights. Rather than prevent him from seeking counsel, a reading of the transcript indicates that the defendant detectives advised him, *inter alia*, of his right to counsel, and permitted him to telephone his attorney. When plaintiff informed them that his attorney would be unavailable for a matter of weeks, they advised him to obtain other counsel because of the seriousness of the charges against him.

■ The allegations against the two detectives are general and conclusory at best, and as such are not sufficient to establish a claim for relief under the Civil Rights Act. Kauffman v. Moss, 420 F.2d 1270 (3rd Cir.); cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3rd Cir. 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963); Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967).

The complaint itself does not mention the Chief of Police in any way. Plaintiff was, of course, allowed an opportunity to file a reply, in keeping with the holding of Jordan v. County of Montgomery, 404 F.2d 747 (3rd Cir. 1969). In his reply he mentioned the Chief of Police for the first time, alleging that because "he is the superior of the two remaining defendants and by virtue of his position and responsibility thereto, HE IS A LIABLE PARTY."

■ Plaintiff does not allege that Chief Kayser did anything himself. The fact that his subordinates may have violated plaintiff's rights (although we find that they did not) would not subject Kayser to personal liability under the Civil Rights Act, unless he was present or personally directed such acts or cooperated in them. Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky.1968).

It is undisputed that plaintiff was brought before a justice of the peace for a preliminary hearing, that he was advised of his right to counsel, and that he stated that he had a telegram from an Allentown attorney indicating that the attorney would not be available for two weeks. He did not request an attorney at the preliminary hearing, but when advised of his right to counsel, merely repeated that he had a telegram that his counsel would be delayed for two weeks.

■ It would appear to this Court that plaintiff's action, if one exists, would more properly be before us in the form of a petition for a writ of habeas corpus and we shall so treat it, *sua sponte*. We therefore order the Clerk of the Court to provide plaintiff with appropriate forms for the filing of such a

petition should he wish to do so. Because the issue has not been litigated through the state courts, we shall for now dismiss it for failure to exhaust state court remedies. Naturally, we intimate nothing with regard to the possible merits of plaintiff's claims, but feel that he is entitled to this right of amendment. *Cf.* Kauffman v. Moss, *supra.*