**Ollie E. WEBSTER, Plaintiff,**

v.

**Raymond W. ANDERSON and Paul W. Keve, Defendants.**

**Civ. A. No. 75-193.**

United States District Court,
D. Delaware.

Sept. 4, 1975.

Ollie E. Webster, pro se.

John M. Willard, Asst. Atty. Gen., for the State of Delaware, Wilmington, Del., for defendants.

## MEMORANDUM OPINION AND ORDER

LAYTON, District Judge.

Ollie E. Webster filed a complaint on a standard form of this Court entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983." The complaint was filed *in forma pauperis* and alleges that, while other prisoners with longer sentences and less time served than Webster were granted escorted furloughs from prison, Webster's request for an escorted furlough was denied by prison officials. The relief sought is equal treatment from the prison officials.

Raymond W. Anderson, as the Warden, is the defendant in this case. In response to the complaint and pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant has moved this Court to dismiss this action for its failure to state a claim upon which relief can be granted. No hearing has been held on this motion.

The Court will dismiss this action on two grounds. First, this action is frivolous within the meaning of 28 U.S.C. § 1915(d) and is dismissed pursuant to the power granted this Court in 28 U.S.C. § 1915(d). Second, the action fails to state a claim upon which relief can be granted and is dismissed pursuant to the power granted this Court in Federal Rules of Civil Procedure 12(b)(6) and 12(d).

The dismissal under 28 U.S.C. § 1915(d) * is required because it is clear from the face of the complaint that the action is wholly without merit. The only allusion to a federal right in the complaint is in printers' ink at the top of the form prepared by this Court and filed by claimant. While the complaint does charge discrimination, this allegation is based solely on the denial of Webster's request for an escorted furlough, which he claims other prisoners have received. However, he has alleged no racial or other forms of invidious discrimination for which federal law provides a remedy. No authority has been found suggesting a federal right to an escorted furlough from a state prison.

In addition, this action is also dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(d) for failure to state a claim upon which relief can be granted. As stated above, Webster has not claimed that any federal right has been violated. While, in *Jordan v. Montgomery County*, 404 F.2d 747 (3d Cir. 1969), the Third Circuit held that Federal Rule of Civil Procedure 12(d) requires that a hearing on a 12(b)(6) motion be held before the motion to dismiss can be granted, *Jordan* can be distinguished from this case. The complaint in *Jordan* alleged, in general terms, the violation of the plaintiff's Fourteenth Amendment rights. The hearing ordered in *Jordan* allowed the plaintiff an opportunity to amplify his general allegation that his Fourteenth Amendment rights were violated. Here, the complaint fails on its face to allege any federal right which, rationally, would seem to obviate the need for a 12(d) hearing.

Accordingly, it is

Ordered:

The Clerk is directed to 1) dismiss the action and 2) mail a copy of this opinion and order to the plaintiff and the Attorney General of the State of Delaware.

---

* "The Court may . . . dismiss the case . . . if satisfied that the action is frivolous . . . .."