**UNITED STATES of America
ex rel. John KEEN**

v.

**Joseph F. MAZURKIEWICZ, Supt.**

**Civ. A. No. 69–1989.**

United States District Court
E. D. Pennsylvania.

Nov. 21, 1969.

John Keene, pro se.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

John Keen, a prisoner at the State Correctional Institution, Philadelphia, Pennsylvania, filed a petition in forma pauperis seeking an injunction, pursuant to 28 U.S.C.A. § 1343, prohibiting further "harassment" of the petitioner. Joseph F. Mazurkiewicz, Superintendent of the Philadelphia Institution and the named defendant, answered this Court's show cause order and made a motion to dismiss the plaintiff's petition. Fed. R.Civ.P. 12(b) (6).

Since there are no material facts at issue, there is no need for an evidentiary hearing. The Court, in an Order dated September 24, 1969, ordered the parties to file briefs within thirty days. While the State, by David W. Rutstein, Esq., filed a brief with this Court (October 20, 1969), petitioner failed to do so. This Court has afforded petitioner an opportunity to submit a written statement in opposition to the motion to dismiss. Jordan v. County of Montgomery, Pennsylvania, 404 F.2d 747 (3rd Cir. 1969) and Fed.R.Civ.P. 12(d).

Broadly construed, plaintiff's petition raises two issues, both of which relate to his confinement in punitive solitary confinement in the State Correctional Institution. First, was the petitioner denied equal protection of the law in the determination that he be placed in this type of confinement and, secondly, does this confinement constitute cruel and unusual punishment? Petitioner's first allegation is that he has been capriciously and arbitrarily placed in maximum security confinement in that "there is [sic] no commitment orders from any complaint Court stipulating that petitioner John Keen is an allege [sic] 'security risk'." Petitioner therefore concludes, without setting forth any facts which could conceivably serve to support this conclusion, that he is being so confined because of his race.

The designation as a "security risk" is a function of the classification system of the Bureau of Correction and not necessarily that of the Court. The prison rule which permits the placing of an inmate in punitive segregation for serious violations of prison rules is a reasonable rule, one designed not only to aid in the orderly administration of prisons but also to protect other inmates. As a general proposition "[f]ederal courts will not interfere with uniformly applied prison regulations designed to achieve the discipline indispensable to the orderly operation of a state penal institution." United States ex rel. Wakeley v. Pennsylvania, 247 F.Supp. 7, 12 (E.D.Pa.1965). Unless extraordinary circumstances are shown, discipline reasonably maintained in state prisons is not under the supervisory direction of the federal courts. Ford v. Board of Mgrs. of the New Jersey State Prison,

407 F.2d 937 (3rd Cir. 1969); Gurczynski v. Yeager, 339 F.2d 884 (3rd Cir. 1964); United States ex rel. Duronio v. Russell, 256 F.Supp. 479 (M.D.Pa.1966). Since there is no showing that the action taken with respect to this prisoner was arbitrary, there is nothing to indicate any reasonable basis for interfering with state authority, even though petitioner's claim is under the guise of violation of his constitutional rights. To the contrary, there is a clear showing that the defendant's decision to place the petitioner in punitive segregation was in fact founded on a rational and reasonable basis in that: (1) he is presently in jail serving a 4–8 year sentence for voluntary manslaughter which he committed while incarcerated in the Allegheny County Workhouse while serving another sentence; (2) from March 1961 to April 1964, while incarcerated at the State Correctional Institution at Camp Hill for a previous offense, he breached prison regulations at least 15 times, including an assault, all of which required confinement in punitive segregation; (3) while serving part of his present sentence at Graterford (August 25, 1967 to August 5, 1968) he was again placed in maximum security as a result of seriously violating prison regulations; and (4) while at the State Correctional Institution in Philadelphia he assaulted another prisoner with a knife. Charges for this last-mentioned assault are pending before a Philadelphia County Magistrate. No further inquiry is required.

Petitioner's second contention is readily disposed of. While, as a general proposition, it is true that federal courts are reluctant to inquire into the administration of state prisons, our courts will make inquiry where it appears that an inmate's right to be free from cruel and unusual punishment may have been violated. *E. g.* Wright v. McMann, 387 F.2d 519 (2nd Cir. 1967); Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Cal.1966); Talley v. Stephens, 247 F.Supp. 683 (E.D.Ark.1965). However, in the instant case no such inquiry is necessary. The law is well-established

that solitary confinement, and the temporary inconveniences and discomforts which accompany it, do not violate the eighth amendment. Ford v. Board of Mgrs. of the New Jersey State Prison, *supra,* and cases cited therein.

### ORDER

And now, to wit, this 21st day of November, A. D. 1969, it is ordered that plaintiff's petition for an injunction be and the same is hereby denied.

And it is so ordered.