UNITED STATES of America ex rel.
James T. POPE

v.

Edward HENDRICKS, Supt.

Civ. A. No. 44352.

United States District Court,
E. D. Pennsylvania.

May 6, 1971.

James T. Pope, pro se.

Levy Anderson, City Sol., Nicholas M. D'Alessandro, Asst. City Sol., Philadelphia, Pa., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Plaintiff, presently a state court prisoner, brought this action *pro se* in which he seeks $300,000 damages for alleged violations of his constitutional rights. On April 19, 1971, the case was tried before Chief Judge John W. Lord, Jr., sitting without a jury.

Sometime in 1965 plaintiff, who was incarcerated as a federal prisoner at Lewisburg, was transferred to the Philadelphia Detention Center on state court matters. It is uncontradicted that on August 30, 1965, he was placed in solitary confinement. Plaintiff contends that during this confinement he was not allowed to write or receive mail, that the temperature of the cell and the food were unsatisfactory and that a light was left on twenty-four hours a day. He further alleges that this latter fact resulted in his becoming spot blind. At trial plaintiff did not produce any witnesses or other evidence that he suffered from spot blindness or if he so suffered, that it was caused by the light in the cell.

Plaintiff next contends that at some unspecified time he was placed in solitary confinement merely because he wrote a letter to Mr. Prasse, Commissioner of Prisons of Pennsylvania. At the trial the plaintiff read the letter into the record. While the writing of this letter clearly would not justify any punishment, the plaintiff did not show any connection between the letter and his placement in solitary confinement.

Thirdly, plaintiff alleges that the defendant withheld from him for six months a petition for a writ of habeas corpus which was returned to him by the Clerk of the United States Supreme Court. Plaintiff asserts that this delay contributed to the denial of the petition which was resubmitted to the Supreme Court. Pope v. Parker, 385 U.S. 944, 87 S.Ct. 337, 17 L.Ed.2d 231 (1966). At the trial plaintiff articulated that if he had received the petition earlier he would have become familiar with the concept of diversity of citizenship. However, it appears to this Court that the delay, which was not contradicted by the defendant, in no way caused or contributed to the subsequent denial of his petition before the Supreme Court.

Plaintiff next contends that, in violation of 18 U.S.C.A. § 242, he was discriminated against while at the Detention Center in that because he was a federal prisoner he was not able to work as a clerk typist or in the mess hall.

Plaintiff's last two allegations, which are factually uncontradicted by the defendant, are that his raincoat was not returned to him when he left the Detention Center and that he received only 2 of 6 dollars which he was promised for participating in an unspecified medical program.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this suit.

2. Plaintiff's placement in solitary confinement, and the temporary inconveniences which accompany it, i. e. the room temperature and the quality of the food, do not constitute cruel and unusual punishment and therefore do not state a claim which is cognizable under the Civil Rights Act, 42 U.S.C.A. § 1983. Ford v. Board of Mgrs. of the New Jersey State Prison, 407 F.2d 937 (3rd Cir. 1969), and cases cited therein; United States ex rel. Keen v. Mazurkiewicz, 306 F.Supp. 483 (E.D.Pa.1969).

3. Plaintiff has not proved (1) that he has spot blindness or (2) that even if he does, that it was caused by the treatment received while in solitary confinement. Moreover, we find that the keeping of a light on twenty-four hours a day does not constitute cruel and unusual punishment and there-

fore does not give rise to an action under the Civil Rights Act. See cases cited *supra.*

■ 4. Even if plaintiff's confinement stated a ground upon which relief could be granted, plaintiff's action would be barred by the statute of limitations. Plaintiff did not bring suit until almost two and one-half years after the alleged incident. The law is clear that in cases such as this the Court must apply the two year statute of limitations for personal injury. Hileman v. Knable, 391 F.2d 596 (3rd Cir. 1968).

■ 5. Plaintiff's second contention · is merely an allegation unsupported by facts and as such will be dismissed. Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970); Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967).

■ 6. Plaintiff asserts that the withholding of his mail constituted a violation of 18 U.S.C.A. § 1702. However, the Court need not make this decision. It is clear that this section of the Code is a criminal section designed to serve as authority for action by a United States Attorney and does not give rise to a cause of action for personal injuries. *See* Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied 353 U. S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); Verde v. Case, 326 F.Supp. 701 (E.D.Pa. filed March 8, 1971); United States ex rel. Brzozowski v. Randall, 281 F.Supp. 306 (E.D.Pa.1968); Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965).

■ 7. Moreover, construing plaintiff's complaint as alleging a violation of 42 U.S.C.A. § 1983 we find that even if the petition was held up, plaintiff suffered no injury which would justify the granting of monetary damages.

■ 8. Plaintiff's claim under 18 U.S.C.A. § 242 is without merit. The law is clear that this section imposes criminal sanctions and does not give rise to a civil action for damages. See cases cited in conclusion 6 *supra.*

■ 9. This Court finds itself in agreement with the courts which have taken the position that this type of interference with property rights such as are presently before the court was not intended to come within the purview of the Civil Rights Act. Bradford Audio Corp. v. Pious, 392 F.2d 67 (2nd Cir. 1968); Penn v. Stumpf, 308 F.Supp. 1238 (N.D.Calif.1970); Commonwealth of Pa. ex rel. Feiling v. Sincavage, 313 F.Supp. 967 (W.D.Pa.1970).