**UNITED STATES of America ex rel.
James T. POPE**

v.

**Walter BRUCKNO, Vocational Director,
State Correctional Institution, Graterford, Pennsylvania.**

**Civ. A. No. 69–2364.**

United States District Court,
E. D. Pennsylvania.

Aug. 26, 1971.

---

1. H.R.Rep.No.1486 (1966), printed at 1966 U.S.Code Cong. and Admin.News, p. 4245.

2. 1966 U.S.Code Cong. and Admin.News at p. 4252.

3. Id., at p. 4254.

James T. Pope, pro se.

Michael Luber, Asst. Atty. Gen., Dante Mattioni, Deputy Atty. Gen., J. Shane Creamer, Atty. Gen., Commonwealth of Pennsylvania, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOHN W. LORD, Jr., Chief Judge.

Presently before the Court is defendant's motion to dismiss on the grounds that a private citizen cannot initiate a criminal prosecution in his own name in Federal Court. The motion to dismiss was filed with this Court on July 19, 1971. Plaintiff filed his reply on August 12, 1971.

The above entitled civil complaint was filed on October 9, 1969, the allegations of jurisdiction being the United States Constitution, the First Amendment, 28 U.S.C.A. §§ 1331, 1343, 1443 and 18 U.S.C.A. § 1702. Plaintiff prays this Court to issue a warrant for the arrest of the defendant in that the defendant allegedly, on September 22, 1969, did, in violation of 18 U.S.C.A. § 1702, obstruct the correspondence of the plaintiff to the United Nations Commission on Human Rights, General Assembly Building, First Avenue & 45th Street, New York, New York 10017, said correspondence having been deposited in an authorized depository with sufficient U.S. Postage paid.

The defendant admitted in his answer that the letter was indeed returned to the plaintiff marked "Disapproved W.B." (Walter Bruckno) since the letter stated in part, "It is also written since apparently outside observations might not reveal flagrant practices of genocide, dualized applications of justice; whereby authorities do not abide by their own laws and the laws of this land, a situation where concentration camps, in fact, exist." The defendant denies that the letter had been stamped and/or posted, but rather was returned to plaintiff in accordance with Pennsylvania Bureau of Correction regulations.

■ The law is clear that a State prisoner cannot initiate a criminal prosecution in his own name in Federal Court, alleging that a State official has violated a criminal statute and seek criminal prosecution of the official. Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964). In Keenan v. McGrath, *supra*, the plaintiff sought the arrest of the defendants whom plaintiff alleged were conspiring to deprive him of his rights and privileges under the United States Constitution in violation of 18 U.S.C.A. § 241. In that action plaintiff also alleged that the defendants were interfering with his mail in violation of 18 U.S.C.A. §§ 1700 and 1701. The court in *Keenan* when addressing itself to the issue of whether or not the plaintiff could seek the arrest of the named defendants stated the following:

"Not only are we unaware of any authority for permitting a private individual to initiate criminal prosecu-

tion in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and, in this case, indictment by a grand jury." Keenan v. McGrath, *supra* at 611.

Moreover, the plaintiff in the instant case alleged in another civil action that the defendants in that action were withholding his mail in violation of 18 U.S.C.A. § 1702. United States ex rel. Pope v. Hendricks, 326 F.Supp. 699 (E.D.Pa. 1971). In that case this Court dismissed the plaintiff's contention stating:

"Plaintiff asserts that the withholding of his mail constituted a violation of 18 U.S.C.A. § 1702. however, the Court need not make this decision. It is clear that this section of the Code is a criminal section designed to serve as authority for action by a United States Attorney and does not give rise to a cause of action for personal injuries." United States ex rel. Pope v. Hendricks, *supra* at 701.

See also Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); United States ex rel. Verde v. Case, 326 F.Supp. 701 (E.D.Pa.1971); United States ex rel. Brzozowski v. Randall, 281 F.Supp. 306 (E.D.Pa.1968); Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), aff'd 345 F.2d 797 (3rd Cir. 1965).

Thus the complaint in the instant case which seeks the arrest of the defendant will be dismissed for failure to state a claim upon which relief may be granted.