**A. WEILAND, Plaintiff,**
v.
**Jane BYRNE et al., Defendants.**
**No. 74 C 3481.**

United States District Court,
N. D. Illinois, E. D.
April 9, 1975.

A. Weiland, pro se.

William R. Quinlan, Acting Corp. Counsel of City of Chicago & Frank J. Dolan, Chicago, Ill., Michael J. Hayes, Asst. Atty. Gen., Chicago, Ill., for defendants.

## DECISION ON DEFENDANTS' MOTION TO DISMISS

McMILLEN, District Judge.

This complaint was filed *pro se* by an individual who claims damages under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986. The plaintiff alleges that he dam-

aged his automobile while he was attempting to have a minor repair made by the defendant Manning. Manning did not have the necessary equipment and allegedly sent him to a service station which is not a party defendant and which also lacked the necessary equipment. He eventually had the work done for $75.00 by nondefendants. He claims that damage was sustained while attempting to obtain these repairs and from an alleged fraud and conspiracy on the part of various defendants.

Each defendant has appeared by counsel and filed a motion to dismiss the complaint, supported by memoranda of authorities. Jane Byrne, Commissioner of the Department of Consumer Sales, Weights and Measures is represented by the Acting Corporation Counsel of the City of Chicago. The defendant State's Attorney Bernard Carey is represented by an Assistant State's Attorney. The defendant Attorney General William J. Scott is represented by an Assistant Attorney General, and the defendant Jim Manning is represented by two attorneys in a large private law firm. Therefore seven attorneys, two of whom are public officials, have been engaged in responding to this *pro se* complaint which is completely without legal merit or justification under any Federal statute or Constitution.

 The plaintiff cites certain criminal statutes in his complaint, under which he has no standing to sue. 18 U.S.C. §§ 241, 242, 1505 and 1621. He also cites 42 U.S.C. §§ 1981 and 1982 without alleging any racial discrimination. He sues three public officials for conspiracy under 42 U.S.C. §§ 1985 and 1986 without alleging any improper acts in failing to satisfy his complaints. Nor does he have any cause of action against public officials for monetary damages under 42 U.S.C. § 1983 in the absence of wilful or wanton conduct. Cf. Wood v. Strickland, —— U.S. ——, 95 S.Ct. 992, 1000–1001, 43 L.Ed.2d 214 (1975); Scheuer v. Rhodes, 416 U.S. 232, 247, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The remaining cause of action against the defendant repairman Jim Manning does not lie in the Federal court under any stretch of the imagination, particularly if the public officials do not remain in the case.

Construing the *pro se* complaint most favorably to the plaintiff, he cannot prevail on any of the facts alleged in his complaint under any of the statutes or authorities to which he has averted in his various documents filed in this court. The court will not repeat the citations which are relied upon by the defendants, since they are well-known and require dismissal of the complaint.

This *pro se* complaint illustrates the unrealistic requirement that summons be issued and served in *pro se* matters without the prior intervention of any private attorney, law clerk or judge. F.R.Civ.P. 4(a). Perhaps the plaintiff should not have been permitted to file *in forma pauperis,* but it cannot be assumed that his affidavit was false. The defendants have the facility to investigate this if they see fit, but the more practical solution, as we have stated on other occasions, is to amend the Rule or its inflexible interpretation.

It is therefore ordered, adjudged and decreed that the motions of the defendants to dismiss the complaint are granted, and it is dismissed.