Mary B. HILL et al., Plaintiffs,

v.

Betti L. SANDS, Executive Director, Kane County Community Action Agency a/k/a Kane County Community Action Agency, et al., Defendants.

No. 75 C 1361.

United States District Court,
N. D. Illinois, E. D.

Nov. 11, 1975.

Herbert Hill, Aurora, Ill., for plaintiffs.

Asst. U. S. Atty., Floyd Babbitt, Terry Yale Feiertag, Minsky, Lichtenstein & Feiertag, Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

The plaintiffs in this removed action are three employees of the Kane County Community Action Agency (KCCAA), a corporation organized under an act of Congress, with its principal office in Batavia, Illinois. The plaintiffs work in Aurora, Illinois, at a subsidiary of the KCCAA. The defendants are the KCCAA, its executive director Betti

Sands, the board of directors, the individual members of the board, and Stanley Edwards, postmaster of the United States Post Office in Aurora. The plaintiffs complain of the defendants' actions in having their mail delivery transferred from the subsidiary office in Aurora to the principal office in Batavia. The United States Attorney, representing defendant Edwards, removed the action here from the Circuit Court of the 16th Circuit of Illinois and has now moved to dismiss pursuant to *Fed. R.Civ.P.* 12(b). The private defendants have also moved to dismiss under Rule 12(b). The plaintiffs filed no response to these motions. The motions are now ready for decision on the papers submitted by the moving parties.

I. The Government's motion to dismiss

The complaint against Stanley Edwards, the Aurora postmaster, was filed because he honored and gave effect to the change of address order submitted by defendant Sands, the director of the KCCAA. The Government moved to dismiss for failure to state a claim upon which relief may be based and for lack of subject matter jurisdiction.[1]

An initial question raised by this poorly drafted complaint is whether the plaintiffs intended to sue the United States Postal Service. The United States Post Office, Aurora, Illinois, was originally named as a defendant in the caption of the complaint, but was later crossed out. The name of the Post Office was also stricken from the various counts describing the cause of action against Postmaster Edwards. Moreover, the return of service of process suggests that Edwards was served in his capacity as postmaster, rather than as an agent of the United States Postal Service.

---

1. The Government also grounded its motion to dismiss upon insufficient service of process, citing *Fed.R.Civ.P.* 4. This action, however, was originally filed in state court. Service was completed before removal. In this situation, it appears that the validity of service of process would be measured by state requirements, rather than by the federal rules. *Rockwell*

*v. United States Fidelity & Guaranty Co.,* 137 F.Supp. 317, 319 (M.D.Pa.1955); 1A J. Moore, *Moore's Federal Practice* ¶ 0.168[4.–3], at 1383–84 & n. 14. *See Anderson v. Penncraft Tool Co.,* 200 F.Supp. 145 (N.D. Ill.1961). Since the Government's attack is based on the federal rules, this question is not reached.

Thus, it seems fair to conclude that the plaintiffs do not seek relief against the United States Postal Service, but only against Stanley Edwards in his official capacity as postmaster.

■ The gravamen of the complaint against Edwards is his alleged violation of 18 U.S.C. § 1703(b), which provides:

> (b) Whoever, being a postmaster or Postal Service employee, improperly detains, delays, or destroys any newspaper, or permits any other person to detain, delay or destroy the same, or opens, or permits any other person to open, any mail or package of newspapers not directed to the office where he is employed; or

> Whoever, without authority, opens, or destroys any mail or package of newspapers not directed to him, shall be fined not more than $100 or imprisoned not more than one year, or both.

Simply stated, the plaintiffs allege that Edwards violated the first clause of this section by giving effect to defendant Sands' change of address form. Additionally, they contend that he violated the second clause by aiding and abetting Sands' efforts to divert the plaintiffs' mail. Assuming *arguendo* that Edwards' conduct in processing the change of address order violated this section, the plaintiffs are not the proper parties to enforce a federal criminal statute. In *United States ex rel. Pope v. Hendricks*, 326 F.Supp. 699, 701 (E.D.Pa.1971), the court held that 18 U.S.C. § 1702 was "designed to serve as authority for action by the United States Attorney and does not give rise to a cause of action for personal injuries." The same principle should apply to § 1703(b). *See Weiland v. Byrne*, 392 F.Supp. 21, 22 (N.D.Ill. 1975). The plaintiffs have no implied right of damages under § 1703(b).

The Government's motion to dismiss for failure to state a claim against Stanley Edwards is granted.

## II. The private defendants' motion to dismiss

The essence of the plaintiffs' complaint against the private defendants is that the KCCAA, through its director Sands, effected a transfer of all mail addressed to the subsidiary office from that office to the main office in Batavia. The plaintiffs allege that the transfer was effected without regard to the addressee of the correspondence, and without regard to the personal or business nature of the contents. Plaintiffs further allege that Sands has opened and read the contents of the correspondence. According to the complaint, these actions violate 18 U.S.C. § 1702, invade the plaintiffs' privacy, and interfere with their profession.

### A. Motion to dismiss for insufficient service of process

■ Although the complaint lists all 15 members of the board of directors individually as defendants, only one member, the director Paul Munos, was in fact served. Consequently, the other 14 members moved to dismiss for lack of personal jurisdiction. Generally, if service of process is insufficient but a reasonable prospect exists that the plaintiff could properly serve the defendant, the court quashes service but retains the case. *Richardson v. Ingram Corp.*, 374 F.2d 502 (3d Cir. 1967); C. Wright & A. Miller, *Federal Practice & Procedure* § 1354. Here, the 14 defendants offer no evidence that they could not be properly served. Hence a dismissal is not warranted. Service cannot be quashed, however, since the plaintiffs have not yet caused any summons to be issued. Thus, the case is retained, but it is noted that the defendants' objections to the lack of personal jurisdiction are well taken.

■ The defendant Betti Sands also objects to service of process, alleging that she was not personally served. Instead, she claims that the summons was simply left at the KCCAA office with

another employee. The return of process, however, which is included in the record certified to this court by the Clerk of the state court, indicates that the deputy sheriff left the summons and complaint with Sands personally. The officers' return can be overcome only by strong and convincing evidence. As the court noted in *Halpert v. Appleby*, 23 F. R.D. 5 (S.D.N.Y.1958), the "unseemly inquiry into the truth of the official certificate need not be pursued unless an almost irrefragable case is presented against it." 23 F.R.D. at 6. Sands presents a mere allegation that she was not properly served, unsupported by affidavits or other evidence. The motion to dismiss for insufficient service of process or to quash service on defendant Sands is denied.

B. Motion to dismiss for failure to state a claim

■ The plaintiffs offer three theories upon which relief may be based. First, they rely upon 18 U.S.C. § 1702, which makes it a criminal offense to obstruct the delivery of mail or to open the correspondence directed to another. In essence, plaintiffs contend that the violation of this criminal statute gives rise to an implied right of action for damages. In *United States ex rel. Pope v. Hendricks*, 326 F.Supp. 699 (E.D.Pa. 1971), however, the court rejected this contention, holding that the statute does not allow a private action for damages.

■■ The plaintiffs' second ground for relief is the "provisions of privacy" of the United States Constitution. The United States Supreme Court has found the roots of a constitutional right to privacy in various amendments. *Roe v. Wade*, 410 U.S. 113, 152, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Only personal rights deemed fundamental or implicit in the concept of ordered liberty, however, are included in the constitutional guarantee of personal privacy. *Id.* Some of the important activities encompassed by the right are discussed in *Wade*: marriage, procreation, contraception, child rearing and education. The plaintiffs cite no cases, and the court has found none, touching upon an employee's right to receive personal mail at his place of employment. Nor do plaintiffs attempt to show that the employee's right to receive mail outweighs the employer's right to determine where delivery of business mail is most convenient. The plaintiffs have not demonstrated that the right they assert is of the same fundamental character as the rights previously held protected by the guarantee of personal privacy.

■ Finally, the plaintiffs allege that Sands' action was contrary to the right of privacy secured to them by "other applicable statutes." Without further elaboration upon these statutes, it cannot be determined whether the complaint states a cause of action under these unnamed laws. The plaintiffs are not acting pro se, and the court has no special responsibility to search the complaint for an unarticulated basis for relief.

In conclusion, the plaintiffs' complaint fails to allege a federal cause of action against the private defendants. The defendants' motion to dismiss for failure to state a federal claim upon which relief may be based is granted. The claims against the private defendants are remanded to the Illinois circuit court for consideration of any state law issues that may be raised by the complaint. *Cf. United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).