Carolyn B. MIZRANY, Plaintiff,

v.

TEXAS REHABILITATION COMMISSION, Defendant.

Civ. A. No. H–77–1681.

United States District Court,
S. D. Texas,
Houston Division.

Sept. 17, 1981.

John W. Overton, Houston, Tex., for plaintiff.

Martha H. Allan, Asst. Atty. Gen., Austin, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

McDONALD, District Judge.

### Introduction

This is an individual employment discrimination action brought by a former employee of the Texas Rehabilitation Commission. The plaintiff commenced this suit pursuant to Section 7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b), alleging that defendant, Texas Rehabilitation Commission, terminated her employment because of her age. The plaintiff contends that her termination by the defendant was brought about by the desire of a supervisor to work with younger women and by the Texas Rehabilitation Commission's policy of terminating employees prior to their retirement date. The defendant contends that at all times it acted in good faith and that the plaintiff was terminated as a result of a reduction in force. The defendant also contends that this Court lacks jurisdiction of the subject matter in that the plaintiff failed to exhaust her state remedies. This action was tried without a jury. The parties submitted post-trial memoranda and proposed findings of fact and conclusions of law. While this case was still under advisement, the plaintiff filed a motion for leave to file amended supplemental findings of fact and conclusions of law. This motion will be GRANTED. After having considered the record, the testimony and demeanor of the witnesses, the exhibits, the arguments of the parties and the applicable law, the Court now enters its Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. The Texas Rehabilitation Commission, hereinafter "defendant" or "TRC", is an employer within the meaning of Section 11(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 630(b).

2. At all times relevant to this litigation, the plaintiff, Carolyn B. Mizrany, was between the ages of 40 and 65.

3. The plaintiff was hired by the TRC on June 1, 1970 and was continuously employed by that agency until her termination which was effective December 1, 1975. At the time of the plaintiff's termination she was working as a Rehabilitation Technician II, grade 13. The plaintiff would have been eligible for retirement in October 1980.

4. The State of Texas has a statutory prohibition against age discrimination. Tex.Rev.Civ.Stat.Ann. art. 6252–14 (Vernon). This statute, however, does not establish or authorize any state agency to grant or seek relief from age discrimination practices.

5. The plaintiff notified the United States Secretary of Labor of her intention to file suit on May 11, 1976. More than sixty (60) days elapsed from the date of such notification to the date of the filing of the Original Complaint herein.

6. The Texas Rehabilitation Commission, is a state agency designed to provide a large variety of rehabilitative services to various categories of handicapped and disabled persons. The TRC receives both state and federal funds for its operations.

The Texas Rehabilitation Commission is organized into several regions throughout the state; Houston is located in Region IV. In Houston, the TRC was originally located at one central office on Fannin street. This office was subsequently decentralized into several area offices while maintaining a smaller central office. This smaller central office was moved to a location on Old Spanish Trail road in November 1975. At all times relevant to this litigation the plaintiff worked in the central office of Region IV as a Rehabilitation Technician II.

The Texas Rehabilitation Commission employed counselors and rehabilitation technicians who served as counselors' aides. These rehabilitation technicians were considered support staff because their primary responsibilities were to assist the counselors in providing various kinds of services; these technicians did not carry an independent caseload of their own. Some persons classified as rehabilitation technicians, however, did not assist counselors, instead they were responsible for an independent caseload.

7. The rehabilitation technician position occupied by the plaintiff was strictly a support staff position in which she served as a counselor's aide in the alcoholism unit. The support position held by the plaintiff had initially served over 7 counselors, but due to the decentralization of Houston's central office, the plaintiff was serving as an aide to only one counselor at the time of her termination.

8. In and about October, 1975, the TRC experienced financial difficulties which necessitated reductions in the agency's work force.

9. The TRC established a priority system for deleting positions within the agency. The objective of this priority system was to make those staff reductions which would have the least detrimental effect on services provided to clients. Under this priority system, the TRC concluded that support staff positions, such as rehabilitation technicians, could be deleted without disrupting the relationship between counselors and clients. The first rehabilitation technician positions to be deleted were those without an independent caseload. That is, those rehabilitation technicians which served as aides to counselors would be deleted first; the counselors would then take over the duties formerly performed by the support staff. These deletions of support staff positions resulted in the termination of employment for the person occupying that position.

10. On October 29, 1975 Mr. John Wiley, Mr. Noah Sparks, and Ms. Vercie Blackmon, met to discuss the need for staff reductions in the TRC Region IV Houston office. These three individuals were all TRC employees. Mr. John Wiley, was a Program Specialist in the area of alcoholism and mental health; Mr. Noah Sparks was an Assistant Regional Director who was responsible for approving all employment recommendations in Houston; and Ms. Vercie Blackmon was the plaintiff's supervisor in the Houston central office. At this meeting a decision was made to not fill a then vacant position for an alcoholism counselor and to delete the support staff position occupied by the plaintiff. Ms. Blackmon testified, and the Court so finds that the Rehabilitation Technician II position occupied by the plaintiff was the only rehabilitation technician position which did not involve the direct provision of services for an independent caseload; the plaintiff served only as an aide to the alcoholism counselor.

11. Ms. Blackmon notified the plaintiff that her position would be deleted on November 4, 1975. At that time Ms. Blackmon explained that the plaintiff's services were no longer needed. Approximately two weeks later Ms. Blackmon advised the

plaintiff of a vacancy for a Rehabilitation Technician I at the TRC University of Houston office. The plaintiff did not want to accept this position because it had a lower classification and salary than her current job. The defendant did not offer to train the plaintiff for any other position within the agency.

12. The Court accepts the testimony of Mr. James Jackson, Assistant Deputy Commissioner for administration of the TRC, that during November 1975 through April 1976 the TRC had a major reduction in force whereby approximately 189 positions were either deleted or allowed to remain vacant. In October 1975 Mr. Jackson was the supervisor of TRC program specialists who were responsible for assisting TRC regional directors and other staff members in determining where staff reductions could be effected with the least adverse affect upon the services provided to clients.

13. Defendant's Exhibits No. 1A and 1B reveal that in October of 1975, before the reduction in force in which the plaintiff's position was deleted, 26.6% of the total employees of the entire TRC were forty (40) years old or older. Following this reduction, in May of 1976, the percentage of employees 40 years old or older increased to 27.7%. Further, in Region IV, the region in which the plaintiff was employed, this protected group represented 21.6% of the total employees in October of 1975, prior to the reduction. Following the reduction, the percentage of persons in the protected group employed in Region IV increased to 23.6% in May of 1976.

14. The plaintiff attempted to show that the defendant's explanation for her termination, i. e., a reduction in force, was merely pretextual by demonstrating that the defendant hired Ms. Maria Trevino and Mrs. Francis Ottmers just prior to notifying the plaintiff of her termination. The evidence revealed that Ms. Trevino was transferred into the TRC unit supervised by Ms. Blackmon on October 1, 1975. Prior to that time Ms. Trevino had worked as a Rehabilitation Technician I at the University of Houston. The evidence also revealed that

Mrs. Ottmers was transferred into Ms. Blackmon's unit from an TRC unit in Austin, Texas, sometime in early October, 1975. There was some confusion in the testimony as to whether or not these two employees were transferred before or after the recommendation had been made to delete the plaintiff's position. However, the Court accepts the testimony of Ms. Blackmon that although Ms. Trevino and Mrs. Ottmers were officially classified as Rehabilitation Technician II's, a more accurate description of their duties would be of that of a physical restoration technician. Unlike counselor aides, physical restoration technicians carried their own independent caseload. Neither Ms. Trevino nor Mrs. Ottmers worked with the alcoholism unit to which the plaintiff was assigned, nor did they serve as support staff for counselors, as did the plaintiff. Ms. Blackmon could have recommended that the plaintiff be trained for the positions occupied by Ms. Trevino and Ms. Ottmers, however, she chose not to do so. There was no evidence that Ms. Blackmon's failure to recommend the plaintiff for training was due to the plaintiff's age. Both Ms. Trevino and Mrs. Ottmers were outside of the age group protected by ADEA at the time they were transferred into Ms. Blackmon's unit.

15. The plaintiff also attempted to demonstrate that the defendant's explanation for her termination was pretextual by introducing evidence which indicated that the defendant hired a Rehabilitation Technician II on August 16, 1976 but failed to consider the plaintiff for reemployment in this position. (Plaintiff's Exhibit No. 10) The plaintiff's exhibit, however, was not supported by testimony as to its accuracy nor was there any testimony as to what qualifications, duties and responsibilities were required of this position. The plaintiff failed to establish, therefore, that she would have been qualified for this position, if it in fact existed. Mr. Jackson King, who was the TRC Regional Director in the Houston office in October of 1975, did not recall ever having hired anyone for a Rehabilitation Technician II position in August of 1976; to the best of his recollection he did not hire

any persons to fill any support staff positions after the plaintiff's termination.

16. The plaintiff's contention that the Assistant Regional Director, Mr. Noah Sparks, had a proclivity for younger women and therefore sought to terminate older female employees, was not borne out by any credible evidence.

17. There was no credible evidence that plaintiff's age was a factor in her termination. The plaintiff was terminated because her duties and responsibilities as a Rehabilitation Technician II, in relation to that of her peers, did not warrant her being retained in light of the necessity to reduce the TRC work force. The plaintiff has failed to establish that her qualifications, duties and responsibilities were comparable to those of rehabilitation technicians who were not terminated. The plaintiff has failed to establish by a preponderance of the evidence that the defendant terminated her because of her age and not because of a legitimate business necessity to abolish certain support staff positions within the TRC. There was no evidence of an agency-wide policy or practice of discrimination against older workers.

18. The evidence revealed that the defendant failed to make any conscientious effort to retain or rehire the plaintiff, either by retraining her for a position which was not deleted or by making sure that she was aware of all future vacancies within the agency. The evidence also shows however, that after her termination the plaintiff failed to make any effort to seek reemployment with the defendant. Nevertheless, there was insufficient evidence of any vacancies within TRC for which the plaintiff was qualified, except for the Rehabilitation Technician I position which the plaintiff declined. (See Findings of Fact Nos. 11, 15.) In addition, the defendant had no duty to retrain the plaintiff.

19. The defendant successfully introduced sufficient evidence to establish that the decision to delete the plaintiff's position and thereby terminate her employment was based on the need to carry out job related reductions in force. There was insufficient testimony that this decision was based in whole or in part on the fact that the plaintiff was over forty (40) years of age.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the cause under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Venue is proper pursuant to 28 U.S.C. § 1391(c).

2. The defendant is an employer within the meaning of 29 U.S.C. § 630(b) and subject to the provision of ADEA. The plaintiff was an employee within the age group protected by the provisions of the ADEA. 29 U.S.C. § 631.

3. The plaintiff's age discrimination claim is properly before the Court. The plaintiff tendered a timely notice of intention to sue to the United States Secretary of Labor and more than sixty (60) days elapsed from that notification date to the date of filing the complaint herein. 29 U.S.C. § 626(d). The defendant's contention that the plaintiff did not exhaust her state remedies, as is required under 29 U.S.C. § 633(b), is without merit.

Under 29 U.S.C. § 633(b) an ADEA plaintiff must defer bringing a federal suit allegedly age discrimination, until the expiration of sixty (60) days after proceedings under state law have been commenced. This provision of the ADEA does not stipulate an exhaustion requirement, but is intended to give state agencies an opportunity to settle ADEA claimants' grievances in a voluntary and localized manner. *Oscar Meyer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979).

In order for a state to be a "deferral state," for the purposes of 29 U.S.C. § 633(b), the state must have a law prohibiting age discrimination in employment *and* there must be a state agency authorized to seek relief for individuals suffering age discrimination. A statutory prohibition against age discrimination in employment, standing alone, is insufficient to classify a state as a "deferral state" within the mean-

ing of 29 U.S.C. § 633(b). *Lugo Garces v. Sagner Intern, Inc.*, 534 F.2d 987, 988 (1st Cir. 1976); *Accord Oscar Meyer & Co. v. Evans, supra.*

■ Texas has a statute prohibiting age discrimination in employment. Tex.Rev. Civ.Stat.Ann., art. 6252–14.* This statute however does not establish or authorize any state agency to grant or seek relief for individuals suffering age discrimination. The State of Texas, therefore, has no adequate state remedy that would afford the relief the plaintiff sought in this case. Accordingly, the plaintiff was entitled to immediately seek relief in federal court.

■ 4. A *prima facie* case of age discrimination is established if a plaintiff proves: (1) her membership in the protected class; (2) her discharge; (3) her qualifications for the job, and (4) her replacement by a person outside the protected group. *Price v. Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir. 1977). *See also, McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In the context of a reduction in force by which the subject job is eliminated, a plaintiff need not show she was replaced by a person outside the protected class. *Smith v. Farah Mfg. Co., Inc.*, 650 F.2d 64 (5th Cir. 1981); *McCuen v. Home Insurance Co.*, 633 F.2d 1150, 1151 (5th Cir. 1981); *McCorstin v. United States Steel Corp.*, 621 F.2d 749, 754 (5th Cir. 1980).

5. Here the plaintiff established a *prima facie* case of age discrimination in the context of a reduction in force: she was in the protected age group, she was discharged, and she was qualified to perform the duties of a Rehabilitation Technician II acting as a counselor's aide.

■ If an ADEA plaintiff succeeds in proving a *prima facie* case, the employer must adduce proof that the plaintiff was discharged for good cause or because of some reasonable factor other than age. 29 U.S.C. § 623(f); *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 590–92 (5th Cir. 1978); *Bittar v. Air Canada*, 512 F.2d 582, 582–83 (5th Cir. 1975). Only the burden of production shifts to the employer, the plaintiff still bears the burden of persuasion to establish a case of discrimination by a preponderance of the evidence. *Smith v. Farah Mfg. Co., Inc., supra. See also, Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas, supra.*

■ An analysis of the evidence in accordance with the shifting burdens of proof is unnecessary in a case where both parties have been allowed to put on all their evidence. *Smith v. Farah Mfg. Co., Inc., supra.* Therefore, the ultimate issue of fact for this Court to determine, is whether the plaintiff was discriminated against contrary to ADEA; this the plaintiff must establish by a preponderance of the evidence. *Id.*

■ 6. In the case at bar, the defendant sufficiently rebutted the plaintiff's *prima facie* case, by showing that the plaintiff's position was riffed for a legitimate business reason. The plaintiff failed to persuade this Court by a preponderance of the evidence that the defendant's proffered explanation of the plaintiff's termination was

---

\* Art. 6252–14.
Denial of right to work
because of age
Section 1. It is hereby declared to be the policy of the State of Texas that no person shall be denied the right to work, to earn a living, and to support himself and his family solely because of age.
Sec. 2. No agency, board, commission, department, or institution of the government of the State of Texas, nor any political subdivision of the State of Texas, shall establish a maximum age under sixty-five (65) years nor a minimum age over twenty-one (21) years for employment, nor shall any person who is a citizen of this State be denied employment by any such agency, board, commission, department or institution or any political subdivision of the State of Texas solely because of age; provided, however, nothing in this Act shall be construed to prevent the imposition of minimum and maximum age restrictions for law enforcement peace officers or for firefighters; provided, further, that the provisions of this Act shall not apply to institutions of higher education with established retirement programs.

**618**

merely pretextual. There was no evidence, that the defendant had a policy of reducing the number of older employees within the agency. The plaintiff's position was eliminated because it was a support staff position which could be deleted without having an adverse impact upon the services provided TRC clients. The age of the plaintiff was not a factor in that decision.

7. While this case was under advisement, the plaintiff filed a Motion for Leave to File Amended Supplemental Findings of Fact and Conclusions of Law. The plaintiff sought leave to amend in order to request additional remedies of reinstatement and back pay. In her Original Complaint the plaintiff only sought liquidated damages in the amount of her back salary to the date of the trial. The defendant opposed this Motion.

 Even though the plaintiff did not originally request an award of back pay and reinstatement, this Court has the authority to order these equitable remedies under the provisions of the ADEA, 29 U.S.C. § 626(b). The Court has a duty to grant whatever appropriate relief a prevailing party is entitled to, whether it has been demanded or not, on the basis of the facts proved. Rule 54(c) F.R.C.P. *See Robinson v. Lorillard Corp.*, 444 F.2d 791, 802–803 (4th Cir. 1971), *cert. denied*, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969). *See generally*, Wright & Miller, *Federal Practice & Procedure*, §§ 2662, 2664. Accordingly, the plaintiff's Motion for Leave to File Amended Supplemental Findings of Fact and Conclusions of Law is GRANTED.

 8. The ADEA does not authorize the award of attorneys fees to prevailing defendants. 29 U.S.C. §§ 626(b) & 216(b); *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d 958, 962 (8th Cir. 1978). Since this Court is of the opinion that the plaintiff's action was not brought in bad faith, each party shall bear its own costs and attorney's fee. *See Alyeska Pipeline Service v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

9. Any Finding of Fact heretofore made which constitutes a Conclusion of Law is hereby adopted as such, and any Conclusion of Law which constitutes a Finding of Fact is hereby adopted as such.