**Viola B. DIXON, Plaintiff,**

v.

**STEPHENSON INC., Defendant.**

**Civ. A. No. 84–1843.**

United States District Court, District of Columbia.

Feb. 12, 1985.

---

Susan A. Pendleton, Alexandria, Va., for plaintiff.

Lawrence T. Zimmerman, Steven R. Semler, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

This is an action on a motion to dismiss a complaint alleging violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Defendant, Stephenson Inc., claims that plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1), (2) and (4) of the Federal Rules of Civil Procedure for insufficient service of process, lack of jurisdiction over the defendant and lack of subject matter jurisdiction. Plaintiff, Viola Dixon, argues that this Court has both personal and subject matter jurisdiction.

Plaintiff, a Maryland resident, alleges that defendant, a corporation operating a printing plant in Alexandria, Virginia and registered to do business in Washington, D.C., wrongfully terminated her employment due to age. She claims that three younger workers were retained while she was dismissed without cause and that one younger worker was recalled after being initially discharged. Defendant asserts that plaintiff's work was unsatisfactory

and inadequate. According to plaintiff, defendant never informed her of any problems while she was employed.

Plaintiff filed her original charge on December 19, 1983 with the District of Columbia's office of the Equal Employment Opportunity Commission (EEOC). Her complaint was then forwarded to the EEOC office in Baltimore, Maryland. At this point plaintiff was advised that she must wait sixty days before commencing civil suit. 29 U.S.C. § 626(d). On May 16, 1984, the EEOC informed plaintiff that the office had discontinued its processing of her complaint. Plaintiff commenced this suit *pro se* on June 6, 1984. This Court appointed counsel to represent plaintiff.

### *Discussion*
### *Service of Process Claim*

Proper service of process may be accomplished pursuant to the laws of the State in which the district court is held, or by mailing a copy to the person to be served, or by delivering a copy of the complaint to an officer or authorized agent of the corporation. Fed.R.Civ.P. 4(c)(2)(C)(i) & (ii), 4(d)(3). Generally the complaint may be served only within the territorial limits of the State in which the federal court sits. Fed. R.Civ.P. 4(f).

■ Defendant claims that the service of process employed here was improper. The Court agrees. The United States Marshal mailed the complaint directly to defendant in Virginia, rather than to the agent in the District of Columbia. This form of service does not comply with either the Federal Rules of Civil Procedure outlined above or with the D.C. Code requiring service on the agent directly at his place of business or residence in the District if the agent cannot be found or is absent. D.C. Code § 13–334. It is undisputed, however, that defendant received timely notice of

this suit and did in fact respond. In light of this response and in light of the fact that plaintiff initiated this case *pro se*, this Court finds dismissal of the case for insufficient process to be unwarranted. *See Hill v. Sands*, 403 F.Supp. 1368 (N.D.Ill. 1975). The appropriate remedy is to allow amended service of process.

### *Subject Matter Jurisdictional Claim*

At the heart of this motion to dismiss is the issue of whether this Court lacks subject matter jurisdiction because plaintiff failed to first file her complaint with the Fairfax County Human Rights Commission (FCHRC). Defendant alleges that under Section 14(b) of the ADEA plaintiff must try to resolve the dispute at the local level by filing with the appropriate state fair employment practice agency.[1] Plaintiff agrees with this contention but argues that the Fairfax agency does not qualify as a deferral state agency within the meaning of ADEA. It is undisputed that plaintiff did not file with any state agency prior to commencing this suit.

■ The Supreme Court in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758, 99 S.Ct. 2066, 2073, 60 L.Ed.2d 609 (1979), held that "under § 14(b) of the ADEA, as under § 706(c) of Title VII [of the Civil Rights Act of 1964], resort to administrative remedies in deferral states by individual claimants is mandatory—not optional." The state proceedings, though, need not be commenced within the time limits of the state law. *Id.* at 753, 99 S.Ct. at 2070. Deferral states under the ADEA must meet two requirements: "1) the State must have a law prohibiting age discrimination in employment, and 2) there must be a state agency authorized to seek relief for individuals suffering age discrimination." *Simpson v. Whirlpool Corp.*, 604 F.2d 997, 999 (6th Cir.1979); *see Mizrary v. Texas Reha-*

---

1. 29 U.S.C. § 633(b) states:
   In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under Section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated.

*bilitation Commission,* 522 F.Supp. 611 (S.D.Tex.1981); *Goodman v. Board of Trustees of Community College District,* 498 F.Supp. 1329 (N.D.Ill.1980).

■ Plaintiff first argues that Virginia has no law prohibiting age discrimination and therefore fails the first requirement of a deferral state for purposes of Section 633(b).[2] The Court agrees. Without a state prohibition on age discrimination, plaintiff had no state law in which to resort for a remedy.

Defendant, though, relies on the comparison the Supreme Court made in *Oscar Mayer* of Section 14(b) of the ADEA with Section 706 of Title VII to argue that Virginia is a deferral State. The EEOC has expressly certified the FCHRC as a "§ 706 deferral agency." 29 C.F.R. § 1601.74. Plaintiff, however, notes that the EEOC regulations concerning referral to and from State agencies for all ADEA charges does not list Virginia as a State to which ADEA claims may be referred. 29 C.F.R. § 1626.-9. While Title VII and ADEA claims are similar, they are not identical, and this lack of reference to Virginia in the ADEA regulations strongly suggests that the local agency does not meet the requirements for State proceedings.

The EEOC regulations provide for worksharing agreements with state or local agencies to receive ADEA complaints and to assist the EEOC in enforcement and processing activities. 29 C.F.R. § 1626.-10(a)(b). Defendant further argues that since the EEOC and the FCHRC entered into a worksharing agreement that this characterizes Virginia as a deferral state. The worksharing agreement, however, limited the powers of the FCHRC to "receiv-ing charges on behalf of the EEOC.... This delegation of authority does not include the right of the FEPA [FCHRC] to make final determinations on the jurisdiction of EEOC over charges." Worksharing Agreement, § 2(a).[3] Plaintiff here was never told by the District of Columbia or the Baltimore EEOC offices that she needed to file with the FCHRC, which further indicates the EEOC did not delegate their authority to the FCHRC in this instance. For all the reasons stated above, Virginia fails to qualify as a deferral state.

■ Subject matter jurisdiction is established in a civil suit when the cause of action arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331(a). Under the ADEA an individual may bring suit for age discrimination "in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purpose of this chapter." 29 U.S.C. § 626(c)(1). Plaintiff's case arises under the ADEA and, therefore, in the absence of an appropriate deferral State agency with which to first file, this Court has subject matter jurisdiction over the dispute.

■ Defendant argues that even if this Court should find jurisdiction, this case should be transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Under the federal venue statute a corporation may be sued "in any judicial district in which it is incorporated or licensed to do business, or is doing business." 28 U.S.C. § 1391(c). Defendant has obtained a certificate of authority to conduct business in the District of Columbia in compliance with

---

**2.** The Virginia Code provisions establishing a Virginia Equal Employment Opportunity Committee and a Human Rights Commission set out a policy against age discrimination but do not prohibit age discrimination. Va.Code § 2.1–116.10, *et seq.;* § 15.1–687.3. Defendant points to the Fairfax County Human Rights Ordinance making age discrimination unlawful. § 11–1–3(b). The ADEA, though, explicitly refers to State law, not the ordinances of political subdivisions. An ordinance does not carry the same weight as a State statute and therefore this Fair-fax ordinance does not meet the requirement of State law under ADEA.

**3.** Another section of the agreement provides that the FCHRC "will take primary responsibility for processing all charges filed with the EEOC or the FEPA against respondents within the general jurisdiction of FEPA." Worksharing Agreement § 4(b). This provision largely focuses on duplicative processing concerns and does not provide remedial power.

the laws of the District of Columbia. D.C. Code § 29–399, *et seq.*[4] Defendant appointed an agent to accept service of process, and therefore subjected itself to the jurisdiction of this district. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939); *Vogel v. Tenneco Oil Co.*, 276 F.Supp. 1008 (D.C.D.C.1967). Because defendant is authorized to do business in this district and has therefore subjected himself to personal jurisdiction of this Court, venue is proper in this Court.

Cases are generally transferred for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Given the close proximity of Alexandria, Virginia, where defendant's plant operates, to Maryland, where the plaintiff resides, and the District of Columbia, there appears to be no compelling reason to transfer this case to Virginia.

ORDERED that defendant's motion to dismiss is hereby denied; and it is

FURTHER ORDERED that plaintiff amend service of process in accordance with this Opinion; and it is

FURTHER ORDERED that the parties shall appear for a status call on March 13, 1985 at 9:15 A.M. prepared to discuss all scheduling matters.

---

4. The last annual report filed by defendant with the District's Superintendent of Corporations was in April 1983. Although defendant does not appear from the record to have filed an annual report in 1984, it does not mean that it has ceased doing business. To cease doing business in the District of Columbia a corporation must apply for and be granted a certificate of withdrawal. D.C.Code § 29–399.14, § 29–399.15. Defendant, therefore, is considered to still be licensed to do business in the District of Columbia.